**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

**EDWARD C. SEEBACH,**

      Plaintiff,

      v.                                                                       Case No. 13-C-1201

**BEETLING DESIGN CORPORATION,** and
**WOLF FIEDLER.**

      Defendants.

## DECISION AND ORDER

This action, filed in the Circuit Court for Waukesha County by Plaintiff Edward Seebach ("Seebach"), arises out of allegations that his September 2007 purchase of 25,000 shares of Defendant Beetling Design Corporation ("Beetling") stock for $47,535 pursuant to a Beetling subscription agreement was based on false oral representations made by Defendant Wolf Fiedler ("Fiedler") at Seebach's Wisconsin home. Beetling has two motions pending before the Court: a motion to dismiss and a motion for reconsideration. However, the Court's review of the file discloses a subject matter jurisdiction issue that must be resolved before addressing those motions.

Beetling removed the action to this federal district court asserting that subject matter jurisdiction over this action is afforded by 28 U.S.C. § 1332 because the amount in controversy is alleged to exceed $75,000, exclusive of interest and costs, and the

parties are citizens of different countries. (ECF No. 1) The latter allegation, if true, would be more properly stated that the action is between a citizen of a State and citizens of a foreign county. 28 U.S.C. § 1332(a)(2). *See Sadat v. Mertes,* 615 F.2d 1176, 1182 (7th Cir. 1980). "This power is sometimes referred to as alienage jurisdiction." *Id.*

The notice of removal states "upon information and belief, Fiedler has not been served, but consents to removal." Paragraph six of the notice of removal alleges that "[u]pon information and belief, Wolf Fiedler is a citizen of Canada, residing in Coquitlam, BC." Beeling's allegation of Fiedler's citizenship is based on information and belief which is insufficient to establish jurisdiction. *See Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.,* 980 F.2d 1072, 1074 (7th Cir. 1992). Moreover, the citizenship of an individual is determined by the individual's domicile, not his or her residence. *Id.*

The Court has an independent responsibility to ensure that it has jurisdiction, *Hukic v. Aurora Loan Servs.,* 588 F.3d 420, 427 (7th Cir. 2009). The removal statute should be construed narrowly and any doubts about the propriety of removing a particular action should be resolved against allowing removal." *Schur v. L.A. Weight Loss Ctr., Inc.,* 577 F.3d 752, 758 (7th Cir. 2009).

Here, Beetling removed the case on diversity grounds and, as the party seeking to invoke federal diversity jurisdiction, it bears the burden of demonstrating that the statutory requirements were met at the time of removal. *See Tylka v. Gerber Prods.*

*Co.*, 211 F.3d 445, 448 (7th Cir. 2000). "[W]hile a court must dismiss a case over which it has no jurisdiction when a fatal defect appears, leave to amend defective allegations of subject matter jurisdiction should be freely given." *Leaf v. Wis. Supreme Court*, 979 F.2d 589, 595 (7th Cir. 1992); *See also Muscarello v. Ogle Cnty. Bd. of Comm'rs,* 610 F.3d 416, 425 (7th Cir. 2010). Consequently, Beetling will be afforded the opportunity file an amended notice of removal to cure the defects in its jurisdictional allegations. Failure to file an amended notice of removal consistent with this Order by the stated deadline, will result in the remand of this action for lack of jurisdiction.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Beetling **MUST FILE** an amended notice of removal **no later than August 18, 2014.**

Dated at Milwaukee, Wisconsin, this 8th day of August, 2014.

BY THE COURT:

*/s/ Rudolph T. Randa*
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**