# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**EDWARD C. SEEBACH,**

    Plaintiff,

    v.                          Case No. 13-C-1201

**BEETLING DESIGN CORPORATION,** and
**WOLF FIEDLER.**

    Defendants.

## DECISION AND ORDER

This action, filed in the Circuit Court for Waukesha County by Plaintiff Edward Seebach ("Seebach"), arises out of his purchase of 25,000 shares of Beetling Design Corporation ("Beetling") stock based on false oral representations made by Wolf Fiedler ("Fiedler") at Seebach's Wisconsin home. Beetling removed the action to this District, asserting subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the action is between citizens of different countries and the amount in controversy is alleged to exceed $75,000, exclusive of interest and costs. Pursuant to the Court's order, Beetling filed an amended notice of removal which resolves the jurisdictional question raised by the Court. (ECF No. 13.)

Beetling filed a motion for reconsideration of the Court's April 9, 2014, Order granting Seebach's motion for extension of time, and a motion to dismiss the action against it for lack of personal jurisdiction under Rule 12(b)(2) and for failure to state a

claim under Rule 12(b)(6). (ECF Nos. 4, 8.) In its reply brief, Beetling asserts that Seebach's response brief should be disregarded because it was filed a week after the 30-day extension Seebach was granted to file his response.

## Reconsideration and Timeliness

In seeking reconsideration, Beetling does not address the standards for its motion which, despite the frequency with which they are filed, is not specifically authorized by any rules of federal civil procedure. Beetling's motion falls within the second sentence of Rule 54(b), which states:

> any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). A district court will grant a motion for reconsideration when: (1) the court has patently misunderstood a party; (2) the court has made a decision outside the adversarial issues presented to the court by the parties; (3) the court has made an error not of reasoning but of apprehension; (4) there has been a controlling or significant change in the law since the submission of the issue to the court; or (5) there has been a controlling or significant change in the facts since the submission of the issue to the court. *Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir. 1990). Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence. *Caisse*

*Nationale de Credit Agricole v. CBI Indus., Inc.,* 90 F.3d 1264, 1269 (7th Cir. 1996). In granting Seebach's motion for extension, the Court applied an excusable neglect standard. *See* Fed. R. Civ. P. 6(b).[1] Beetling has not established that the Court's marginal order granting the extension was a manifest error of law.

Despite the additional time afforded Seebach, his response brief was filed late. May 13, 2014, was the filing deadline, and the brief was filed May 16, 2014.[2] Federal court litigants are expected to abide by all deadlines and, if they are unable to do so, to seek leave of the Court for any late filing. Seebach's late filing was unexcused, and he is admonished to comply with deadlines. However, the Court declines to disregard the brief.

**Motion to Dismiss**

Beetling's challenge to personal jurisdiction relies on the affidavit of Linda Hughes, an employee with personal knowledge of its day-to-day operations. (ECF No. 6.) The Court may consider matters outside the pleadings, including affidavits

---

[1] Excusable neglect is "a somewhat elastic concept," *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 392 (1993), demanding an equitable determination that can "encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Robb v. Norfolk & W. Ry. Co.,* 122 F.3d 354, 355-56 (7th Cir. 1997) (quoting *Pioneer,* 507 U.S. at 394). In doing so, the Court takes "account of all relevant circumstances surrounding the party's omission . . . includ[ing] . . . the danger of prejudice to the [nonmoving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Commodity Futures Trading Comm'n v. Lake Shore Asset Mgmt. Ltd.,* 646 F.3d 401, 404–05 (7th Cir. 2011).

[2] Federal Rule of Civil Procedure 6 explains the procedure for calculating deadlines. Rule 6(a) states that the day of the event that triggers the period is excluded, and every day following, including weekends and holidays, is included in calculating the time period. Rule 6(d) is applicable, and provides that three days are added after the period would otherwise expire under Rule 6(a). Applying the foregoing, the 30 day period began April 10, and ended on May 13, 2014.

submitted by the parties. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.,* 338 F.3d 773, 782 (7th Cir. 2003). When the Court considers personal jurisdiction without holding an evidentiary hearing, it must determine whether the plaintiff has made out a prima facie case of jurisdiction, resolving conflicts in favor of the plaintiff. *Id.*

Depending on a defendant's contacts with the forum state, a court may exercise general or specific jurisdiction. *Felland v. Clifton,* 682 F.3d 665, 673 (7th Cir. 2012). General jurisdiction exists when the defendant has "continuous and systematic" contacts with the forum state. *See id.* Specific jurisdiction "requires that the defendant's contacts with the forum state relate to the challenged conduct." *Id.* Seebach's personal jurisdiction argument rests on specific jurisdiction.

*Analysis*

A district court sitting in diversity has personal jurisdiction over a nonresident defendant only if a court of the state in which it sits would have jurisdiction. *Purdue Research,* 338 F.3d at 779. The applicable Wisconsin state law is its long arm statute, Wis. Stat. § 801.05, which the Wisconsin Supreme Court has determined is to be liberally construed in favor of the exercise of jurisdiction. *Federated Rural Elec. Ins. Corp. v. Inland Power & Light Co.,* 18 F.3d 389, 391 (7th Cir. 1994) (citing *Schroeder v. Raich,* 89 Wis.2d 588, 593, 278 N.W.2d 871 (Wis. 1979)).

Under the due process clause, the general question is whether the defendant has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l*

*Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer,* 311 U.S. 457, 463 (1940)). Contacts are not sufficient unless the defendant has "purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla,* 357 U.S. 235, 253 (1958). Stated another way, the question is whether the defendant has obtained a benefit from Wisconsin or inflicted an injury on one of its citizens that would lead one to reasonably anticipate being haled into court here. *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980).

To support an exercise of specific personal jurisdiction the defendant's contacts with the forum state must "directly relate to the challenged conduct or transaction." *N. Grain Mktg., LLC v. Greving,* 743 F.3d 487, 492 (7th Cir. 2014) (citations omitted). The purposeful-availment requirement ensures that a defendant's amenability to jurisdiction is not based on "random, fortuitous, or attenuated contacts," but on contacts that demonstrate a real relationship with the state with respect to the transaction at issue. *Id.* at 492-93 (citation omitted.)

To this end, the Supreme Court repeatedly has asked whether the defendant has deliberately engaged in significant activities within the forum state, *see Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 781 (1984); *Kulko v. Cal. Superior Ct.,* 436 U.S. 84, 94-95, (1978), or whether it has created continuing obligations between itself and a resident of the forum, *see Travelers Health Ass'n v. Virginia,* 339 U.S. 643, 648 (1950).

Seebach contends that the Court has jurisdiction over this action based on Wis. Stat. § 801.05(4), which confers jurisdiction over a defendant

> in any action claiming injury to person or property within this state arising out of an act or omission outside this state by the defendant, provided in addition that at the time of the injury . . . (a) solicitation or service activities were carried on within this state by or on behalf of the defendant.

Seebach is a resident of Wisconsin alleging that he sustained an injury because in late August or early September 2007 Fiedler travelled to Wisconsin and told Seebach that Beetling was going to have an initial public offering of stock at $1.00 Canadian per share, inducing Seebach to increase his investment in Beetling. (Compl. ¶ 10.) Contrary to Fiedler's representation, Beetling did not have a public offering of stock within six months. (Compl. ¶¶ 14-16.) Fiedler and Beetling solicited Seebach to invest in Beetling stock through a private placement agreement. (*Id.* at ¶ 8.) A Beetling subscription agreement was sent to Seebach from British Columbia. (*See id*.) The identity of the sender or the date the agreement was sent are not alleged. There is no allegation that Fiedler was acting for or on behalf of Beetling.

Beetling avers that it has never sent any agent or employee to Wisconsin for any purpose. (Hughes Aff. ¶ 4.) Beetling has only one shareholder in Wisconsin. (*Id.* at ¶ 10.) Seebach claims that he sustained an injury because of Fiedler's false representation; however, the factual allegations of his Complaint do not establish that Fiedler was acting as an agent or employee of Beetling. Nor do they establish that, at

the time of the injury, the solicitation within this state was carried on by or on behalf of Beetling. *See Pavlic v. Woodrum,* 169 Wis. 2d 585, 592-93, 486 N.W.2d 533, 535 (Wis. Ct. App. 1992).

Seebach has not met his burden of establishing a prima facie case that the Court has personal jurisdiction under Wis. Stat. § 801.05(4). Additionally, for a court to exercise specific jurisdiction over a lawsuit consistent with due process, "the action must directly arise out of the specific contacts between the defendant and the forum state." *RAR, Inc. v. Turner Diesel, Ltd.,* 107 F.3d 1272, 1278 (7th Cir.1997) (citation omitted). In the present case, Seebach has not presented evidence that the action arises directly out of Beetling's activities in Wisconsin. *See Shepherd Inv. Int'l, Ltd. v. Verizon Commc'ns Inc.,* 373 F. Supp. 2d 853, 860 (E.D. Wis. 2005). The Court concludes that it lacks personal jurisdiction over Beetling.

Beetling has also sought dismissal of Seebach's statutory and common law fraud claims under Rule 12(b)(6). Based on Seebach's concession that his statutory fraud claim pursuant to Wis. Stat. § 551.59(5) is barred by the three-year statute of limitations, that portion of the claim is dismissed. The arguments advanced by Beetling regarding the sufficiency of the common law fraud claim will not be addressed since it is no longer a party to this lawsuit. Seebach's request for permission to file an amended complaint is denied as futile given the lack of personal jurisdiction over Beetling.

### Service upon Fiedler

Service of process after removal from state court is addressed in 28 U.S.C. § 1448 which states:

> In all cases removed from State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.

Over ten months have passed since the October 25, 2013, removal of the action to this District, and there is no indication that Fiedler, a Canadian citizen, has been served. The time limits of Fed. R. Civ. P 4(m) for service of process do not apply to foreign defendants, but the Court is not powerless to move cases involving foreign defendants along. *See O'Rourke Bros. Inc. v. Nesbitt Burns, Inc.,* 201 F.3d 948, 951-52 (7th Cir. 2000). The time allowable for accomplishing foreign service is not unlimited, as district courts must retain the ability to control their dockets. *Nylok Corp. v. Fastener World Inc.,* 396 F.3d 805, 807 (7th Cir. 2005) "If . . . a plaintiff made no attempt to begin the process of foreign service within 120 days, it might be proper for a court to dismiss the claim." *Id*. (citations omitted). A court has the discretion to dismiss for want of prosecution if the plaintiff's delay in obtaining service is so long that it signifies failure to prosecute. *Williams v. Ill.,* 737 F.3d 473, 476 (7th Cir. 2013).

At this juncture the Court questions whether Seebach is diligently prosecuting this case against Fiedler and deems it appropriate to set a deadline for Seebach to file

proof of service upon Fiedler or a sworn statement indicating the efforts he has made to effect service upon Fiedler, his plan for effecting service, and an estimate of when he anticipates service will be effected. Seebach may also include other facts or information relevant to his diligence regarding service of Fiedler. Failure to comply with this Order by the stated deadline will result in dismissal of this action for failure to prosecute. *See* Civ. L.R. 41(c).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Beetling's motion for reconsideration (ECF No. 9) is **DENIED**; and

Beetling's motion to dismiss (ECF No. 4) is **GRANTED**, and Beetling is **DISMISSED** from this action without prejudice for lack of personal jurisdiction;

Seebach's statutory fraud claims are **DISMISSED** with prejudice; and

**No later than September 30, 2014,** Seebach must file proof of service upon Fiedler, or a sworn statement indicating the efforts he has made to effect service upon Fiedler, his plan for effecting service, and an estimate of when he anticipates service will be effected.

Dated at Milwaukee, Wisconsin, this 29th day of August, 2014.

                **BY THE COURT:**

                */s/ Rudolph T. Randa*
                **HON. RUDOLPH T. RANDA**
                **U.S. District Judge**