# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**EDWARD C. SEEBACH,**

    Plaintiff,

    -vs-                                          Case No. 13-C-1201

**WOLF FIEDLER,**

    Defendant.

## DECISION AND ORDER

This action, filed in the Circuit Court for Waukesha County by Plaintiff Edward Seebach ("Seebach") who proceeded without an attorney, arises out of allegations that his September 2007 purchase of 25,000 shares of Beetling Design Corporation ("Beetling") stock for $47,535 pursuant to a Beetling subscription agreement was based on false oral representations made by Defendant Wolf Fiedler ("Fiedler") at Seebach's Wisconsin home. Beetling, a defendant at the time, removed the action to this federal court on October 25, 2013. (ECF No. 1.)

Beetling filed a motion to dismiss on November 19, 2013. A notice of appearance by counsel for Seebach was filed on February 5, 2014. On April 9, Seebach filed a motion for a 30-day extension of time to file a response to Beetling's motion to dismiss. Even though the response was

almost five months late, the Court granted the motion, making the brief due May 13. Seebach filed his brief a couple days late — on May 16, 2014.

On August 29, 2014, this Court issued a Decision and Order granting Beetling's motion to dismiss for lack of personal jurisdiction and raising the issue of Seebach's apparent failure to serve Fiedler, a Canadian citizen. (ECF No. 14.) The Court noted that the time limits of Fed. R. Civ. P 4(m) for service of process do not apply to foreign defendants, but the Court is not powerless to move cases involving foreign defendants along, citing *O'Rourke Bros. Inc. v. Nesbitt Burns, Inc.,* 201 F.3d 948, 951-52 (7th Cir. 2000).

Questioning whether Seebach was diligently prosecuting the case against Fiedler, the Court set a September 30 deadline for Seebach to file proof of service upon Fiedler or a sworn statement detailing his efforts to serve Fiedler. The Court also advised Seebach that failure to comply with the Order by the stated deadline would result in dismissal of this action for failure to prosecute, and cited Civ. L.R. 41(c) (E.D. Wis.).

On the September 30 deadline, Seebach moved for a 14-day extension. The Court granted the motion, making Seebach's response due no later than October 15. To date, Seebach has not made any new filings or complied with the Court's August 29 Order. Additionally, the record

indicates that Seebach made one effort to serve Fiedler, and that effort occurred more than a year ago. (ECF No. 15-1.)

Under Federal Rule of Civil Procedure 41(b), a case should only be dismissed when "there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Brown v. Columbia Sussex Corp.,* 664 F.3d 182, 190 (7th Cir. 2011) (citation omitted). For Rule 41(b) dismissals, the record of delay, contumacious conduct or prior failed sanctions must be "clear." *Maynard v. Nygren,* 332 F.3d 462, 468 (7th Cir. 2003) (citation omitted). Generally, a single missed deadline or status hearing does not support dismissal for want of prosecution. *See Sroga v. Huberman,* 722 F.3d 980, 983 (7th Cir. 2013).

However, Seebach has missed several deadlines and the action is at a standstill. Seebach was also warned that failure to prosecute could result in the dismissal of this action. *See Fischer v. Cingular Wireless, LLC,* 446 F.3d 663, 665 (7th Cir. 2006). While the impact of the delay on this Court and the prejudice to Fiedler are unknown, Seebach has missed another deadline — after receiving an extension from the Court. The record also discloses a single effort to serve Fiedler even though the case has been in federal court for about a year.

"Once a party invokes the judicial system by filing a lawsuit, it must

abide by the rules of the court; a party can not [sic] decide for itself when it feels like pressing its action and when it feels like taking a break because trial judges have a responsibility to litigants to keep their court calendars as current as humanly possible." *James v. McDonald's Corp.,* 417 F.3d 672, 681 (7th Cir. 2005) (citations omitted).

Dismissal of this action is a drastic sanction, but given Seebach's lackadaisical approach to the lawsuit, the extreme delay in serving Fiedler, and the failure to comply with the extended deadline or otherwise respond, it is the appropriate recourse for the Court. *See Williams v. Ill.*, 737 F.3d 473, 476 (7th Cir. 2013).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Seebach's action is **DISMISSED FOR LACK OF PROSECUTION**; and

The Clerk of Court is **DIRECTED** to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 28th day of October, 2014.

**BY THE COURT:**

*/s/ Rudolph T. Randa*
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**